IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Cameron York and Sharon York,<br><br>Plaintiffs,<br><br>vs.<br><br>CLK Multifamily Management, LLC,<br><br>Defendant. | Civil Action No. 6:10-CV-00989-JMC<br><br>**ANSWER TO SECOND AMENDED COMPLAINT** |

NOW COMES Defendant CLK Multifamily Management, LLC ("CLK"), answering the Second Amended Complaint ("Complaint") and alleging:

**FOR A FIRST DEFENSE**
**(DENIAL)**

1. Each and every allegation of the Complaint not specifically admitted herein is denied.

2. Answering Paragraph 1 of the Complaint, CLK lacks information sufficient to form a belief as to the correctness of the allegation that Plaintiffs are Citizens and residents of South Carolina and, therefore, denies same. CLK admits its principal place of business is located in Tennessee. Further answering Paragraph 1 of the Complaint, CLK lacks information sufficient to form a belief as to the of the amount in controversy and, therefore, denies same.

3. CLK admits the allegations contained in Paragraph 2.

4. Answering Paragraphs 3 thru 5 of the Complaint, CLK lacks information sufficient to form a belief as to the correctness of the allegations and, therefore, denies same.

5. Paragraph 6 of the Complaint contains a legal conclusion to which no answer is required. To the extent Paragraph 6 contains factual allegations, they are denied.

6. CLK denies the allegations contained in Paragraphs 7 through 9 of the Complaint.

**FOR A FIRST AFFIRMATIVE DEFENSE**
**(Failure to State a Claim)**

7. Plaintiffs have failed to allege facts sufficient to state a claim upon which relief may be granted.

**FOR A SECOND AFFIRMATIVE DEFENSE**
**(Intervening Cause)**

8. Any injuries or damages suffered by Plaintiffs as a result of the matters alleged in the Complaint were directly and proximately caused by one or more independent, efficient or intervening causes, which CLK affirmatively pleads as a bar to this action.

**FOR A THIRD AFFIRMATIVE DEFENSE**
**(Third-Party Causation)**

9. Any injuries or damages suffered by Plaintiffs as a result of the matters alleged in the Complaint were directly and proximately caused by third persons other than CLK.

**FOR A FOURTH AFFIRMATIVE DEFENSE**
**(Mitigation)**

10. Plaintiffs has failed to mitigate their damages.

**FOR A FIFTH AFFIRMATIVE DEFENSE**
**(No Vicarious Liability)**

11. CLK denies any liability for the acts of other persons or entities under a theory of respondeat superior, vicarious liability, agency or otherwise.

## FOR A SIXTH AFFIRMATIVE DEFENSE
**(Compliance with Law)**

12. CLK has fully complied with the law in its dealings with Plaintiffs.

## FOR A SEVENTH DEFENSE

13. Plaintiffs' Second Amended Complaint fails to state facts sufficient to form a basis for a claim for punitive damages against Defendant CLK, and therefore the claim for punitive damages should be stricken from the Second Amended Complaint.

## FOR AN EIGHTH DEFENSE

14. The Plaintiffs' claims for punitive damages are barred because the acts, if any, and omissions, if any, of the Defendant CLK, which are specifically denied, fail to rise to the level required to sustain an award of punitive damages, were not motivated by evil intent, do not evidence a malicious knowing, oppressive, or fraudulent intent to deny Plaintiffs of their protected rights, and are not so wanton or willful to support an award for punitive damages.

## FOR A NINTH DEFENSE

15. Defendant CLK denies that it is liable for any punitive and/or exemplary damages. Defendant CLK states that any award of punitive damages against it would violate the constitutional safeguards provided under the Constitution of the United States of America, and the Constitution of South Carolina, in that punitive damages violate due process and equal protection guarantees, place an undue burden on interstate commerce, violate the right to assembly and petition the government and violate the proscription against excessive fines.

16. Furthermore, an award of punitive damages would violate the procedural safeguards provided to Defendant CLK under Article I Section 14 of the Constitution of

South Carolina, in that punitive damages are penal in nature and, consequently, Defendant CLK is entitled to the same procedural safeguards as accorded to criminal defendants.

WHEREFORE, having fully answered the Second Amended Complaint, Defendant prays that all causes of action be dismissed and the Court award Defendant interest, costs, and attorneys' fees incurred defending this action.

    s/ Manton M. Grier, Jr.
Marcus A. Manos, Fed. ID. No. 4828
Manton M. Grier, Jr., Fed ID. No. 8086
NEXSEN PRUET, LLC
1230 Main Street, Suite 700 (29201)
Post Office Drawer 2426
Columbia, South Carolina  29202
803.771.8900
mmanos@nexsenpruet.com
mgrier@nexsenpruet.com

Attorneys for Defendant
CLK Multifamily Management, LLC

November 23, 2010

Columbia, South Carolina